Parker, C. J.,
delivered the opinion of the Court.
The reason of striking out the two counts was a supposition, which was sanctioned by the judge, that the plaintiff had a different remedy, viz., by action of covenant for the sum claimed in those counts. A suit was afterwards commenced on the covenant, and was defended on the ground, among other things, that the deed containing the covenant was incomplete, and had no legal effect; and it has now been so determined by the Court. The plaintiff, in the mean time, apprehending that such would be the decision of the Court, sought relief by a petition for a review of the first action; and the petition being granted, this astion of review was instituted. On the trial, the plaintiff moved to * restore the same two counts, and this was ordered by [ * 379 ] the judge, reserving to the defendant a right to object before the whole Court; and he now objects, on the ground that the counts added are for another and different cause of action from that contained in the first count.
It is certain that, unless the present case forms an exception to the general rule relating to amendments, the objection must prevail. But we think the circumstances of the case warrant the amendment, without in any degree infringing the rule. The object of the review was to try the former action, as it was when commenced. It must have been understood that the only subject of dispute was that contained in the counts stricken out. If the cause, when reviewed, was to be tried only on the first count, the review was but a mockery ; for the plaintiff had nothing more to ask for, under that count. The effect of the amendment is merely to restore the parties to the situation they were in before, through misapprehension, these counts were stricken out. It is to correct a mistake, by which the plaintiff has been prejudiced; and it would be doing manifest injustice to refuse his motion, when the effect would be to deprive him of a considerable sum of money, which he had a legal right to recover, and was prevented only by a mistaken opinion entertained at the time.
We think the counts ought to stand; and there is no question, but what the plaintiff has made out his case under them; it appearing that the sum demanded was lent with an intention to secure the repayment of it by mortgage, and that *306 security having failed ■ for the reasons stated in the former action (4). Judgment on the verdict

 [It is difficult to see on what principle, after the plaintiff had voluntarily consented, whether by the advice of the judge or not, to strike out any part of hi» declaration, he could be allowed to restore it.—Ed.]