## FRANKLIN FLING *v.* JOSEPH TRAFTON.

A party is responsible for the acts of the attorney of record regularly employed by him in the case.

Where the name of one of two defendants was stricken out by permission of the Court, on motion of the plaintiff's attorney, and with the assent of the only defendant appearing in defence; the action then stands, as it would have done, if it had been originally brought against the only remaining defendant.

A writ of review of such action is rightly brought in the name of the remaining defendant alone.

And a motion, made by the original plaintiff, at the trial of the review, to restore the name stricken out will not be allowed.

THIS case was on a writ of review. The original action was brought by *Trafton* against *Fling* and *James Conner*, on a contract dated *September* 30, 1826, in which *Trafton* had agreed to build a mill for *Fling & Conner*, and they agreed to pay him $110,00 in the following *June*, and $50,00 in stock in one year from the next *October*. There was an account annexed to the

writ of $62,76. The action was commenced in *July*, 1827, and continued until the *June Term*, 1828, when *Fling* was defaulted, and *Trafton* and *Conner* agreed to refer the action, as far as related to said *Conner*. The referees awarded, that *Conner* should pay *Trafton* $104,00, damage, and no costs, and *Conner* paid this amount to *Trafton*. At the next term of the Court, the rule of reference was discharged, and the name of *Conner* by his consent was stricken out of the writ, that judgment might be rendered against *Fling*. This was done without the knowledge of *Trafton*, but by the assent and upon the motion of the *then* attorney of *Trafton* of record, but who at that time acted for the benefit of *Conner*, intending that *Conner* should have the benefit of the judgment, which, according to the attorney's impression, he stated to the court. Judgment was made up in the handwriting of the same attorney against *Fling* for $175,51, damage, and $15,80, costs. Afterwards *Conner* took out an execution in *Trafton's* name, without his knowledge, and gave it to an officer who collected thereupon $100,00 in cash, and took the note of a third person to *Conner* for the residue. On the opening of the action of review for trial, before *Weston C. J.*, *Trafton* moved, that the writ in the original action should be amended by restoring the name of *Conner*, so that the action might be tried in the manner in which it originally stood; but the motion was overruled by the Court. *Trafton* also objected to the maintenance of the action of review in the name of *Fling* alone, and contended, that *Conner* should have been joined with him. This objection was overruled. The verdict was for the plaintiff. If in the opinion of the Court, the action cannot be maintained in the name of *Fling* alone, or if the name of *Conner* should have been restored to the original writ; the verdict was to be set aside, and a new trial granted.

*Wells*, for the defendant.

*Fling* became defaulted, and was subject to have an execution taken out against him for the whole amount of the demand, if *Conner's* name had been stricken out. This was a larger amount than that for which execution issued. If then *Conner* had paid nothing, and his name had been stricken out, the plaintiff could not complain of any of the proceedings. *Trafton* might have

taken out the execution and have enforced it. But the other defendant would not be defaulted, and after submitting the case to referees, he paid *Trafton* the amount they found due without costs. *Trafton* received this sum, and there the case ended, as it respected him. The attorney knew this fact, and all his authority to act for *Trafton* ceased from that time. In his after course of conduct, the relation in which he stood gave him no authority, and he did not pretend to act for *Trafton's* benefit, but for another man. Unless then, because a man has once employed an attorney, he must be bound by all his acts after he has ceased to be such, this furnishes sufficient ground of defence. But the injury to the plaintiff did not arise from the acts of the attorney. The case shews, that it was not the attorney, but *Conner*, who took out the execution and enforced it. The whole was done without authority from the then plaintiff, or even from the man who had once been his attorney.

The *statute* of 1821, *ch.* 57, giving the right for review, provides that the review must be prosecuted by all the original parties. Where a part of the writ has been stricken out, it is competent for the Court to restore it on a writ of review. *Parker* v. *Parker*, 17 *Mass. R.* 376. The declaration discloses a cause of action against two, and on trial against one the plaintiff must become nonsuit. 1 *Chitty on Pl.* 29. The trial of the action of review should be had, as the action stood originally.

The injury done to *Fling*, if any, was done by *Conner*, and the proper remedy is by an action against him. If *Conner's* name can be restored, then justice may be done between all the parties: as it stands this cannot be done.

*Tenney*, for the plaintiff in review.

When *Conner* paid the amount found due to *Trafton*, the whole contract was entirely cancelled, the suit ended, and *neither party* should have been entered. After the debt, $104,00, was paid, and after the action should have been dismissed, judgment was made up for the whole amount claimed and costs, and collected of the defendant. But it is said, that this was done without the knowledge of the defendant in review, and that he is not liable. It was done by the attorney of record of the plaintiff,

and without whose action, it could not have been done. The defendant in review is responsible for his acts.

After the amendment was made, the action stood, as if *Conner's* name had never been in the writ. This amendment is to be treated like any other, and a trial on a review does not set aside all amendments. The record and judgment stand, *Trafton* v. *Fling*, and the review is to be tried, as the action stood at the time of the former trial or judgment. *Sawyer* v. *Merrill*, 10 *Pick*. 16. By permitting the amendment, it would be in effect granting a new trial between other parties, which is beyond the power of one Judge. *Parker* v. *Parker*, 17 *Mass. R.* 376.

But if the name of *Conner* was inserted, and the trial was to be had with his name in, it could make no difference. The demand was fully satisfied by the payment of the award; and a joint promissor can make no use of a judgment which has been satisfied by himself. *Hammatt* v. *Wyman*, 9 *Mass. R.* 138.

After a continuance, the opinion of the Court was drawn up by

WESTON C. J. — The original action was prosecuted to final judgment and execution by the attorney of record of *Trafton*. It is not pretended, but what he was regularly employed by him. *Trafton* then must be held responsible for any injury done to the adverse party in his name. We can take no notice of any other person, for whose benefit these proceedings, of which the present plaintiff complains, may have been had. *Conner's* name had been stricken from the original writ by his consent, on the motion of *Trafton's* attorney. The action then stood, as if brought against *Fling* alone. A review had been granted of the action, in the shape in which the original plaintiff, *Trafton*, chose to present it, upon which judgment was rendered in his favor.

In *Parker, executor,* v. *Parker*, 17 *Mass. R.* 376, the question was, not whether the amendment must be, but whether it could be allowed. It was so far from being deemed essential to the prosecution of the review, that it was allowed in that case only, because it was regarded, under the circumstances, as forming an exception to the general rule relating to amendments. If it forms a precedent, which would justify the allowance of the

amendment moved for, in the case before us, by the defendant in review, we think it was properly refused by the Judge, who presided at the trial. The case was left in the posture, in which it was placed by the original plaintiff, and we perceive no equitable circumstances, which justify its restoration to its original condition. As *Conner* was no longer a party to that action, and as the judgment neither was, nor could have been rendered against him, he could not have joined in prosecuting the review, which was rightfully brought by *Fling* alone.

                                    *Judgment on the verdict.*